# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

CRIMINAL ACTION NO. 3:16-cr-00070-JHM

UNITED STATES OF AMERICA                                                 PLAINTIFF

V.

ROBERT J. VANCE                                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Sever Counts [DN 30]. Fully briefed, this matter is ripe for decision. For the following reasons, the Defendant's Motion is **DENIED**.

## I. BACKGROUND

On the evening of December 17, 2015, Detective Whitford and Officer Lawrence of the Louisville Metro Police Department patrolled 29th Street in Louisville, Kentucky. While travelling on 29th Street, they observed a man standing near the open driver's side door of a tan 2002 Toyota Sequoia, and, across the street, they noticed a van with its side door open. The officers circled the block to return to the man standing near the Toyota Sequoia. When Lawrence approached the man, he began to flee on foot and Lawrence followed in pursuit. When the man, later identified as Defendant Vance, rounded the corner into an alleyway off of 29th Street, he tripped and fell. Officer Lawrence placed Vance in handcuffs. Whitford drove to the scene during Lawrence's pursuit. Upon arrival, Whitford noticed a green Crown Royal bag with yellow drawstrings near where Vance had fallen. The bag contained a Glock, Model 21, .45 caliber pistol, ammunition, and a large "rock" of crystal methamphetamine. While frisking Vance, Lawrence discovered keys to the Toyota Sequoia. In a subsequent search, officers

located a holster in the Toyota's driver seat that contained extra ammunition for the Glock, Model 21, .45 caliber pistol.

The superseding indictment charges in Count 1 that on December 17, 2015 Vance possessed with an intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A); in Count 2 that on December 17, 2015 Vance possessed a Glock, Model 21, .45 caliber pistol after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); and in Count 3 that on December 17, 2015 Vance possessed firearm ammunition after having been convicted of a felony in in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). Pursuant to Rule 14 of the Federal Rules of Civil Procedure, Defendant Vance moves the Court to sever Counts 2 and 3 of the superseding indictment from Count 1 of the superseding and to thereby conduct separate trials.

## II. STANDARD OF REVIEW

Under Rule 8 of the Federal Rules of Criminal Procedure, "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Generally, Rule 8 should be construed in favor of joinder; however, "it is also true that failure to meet the requirements of this rule constitutes misjoinder as a matter of law." United States v. Chavis, 296 F.3d 450, 456 (6th Cir. 2002) (quoting United States v. Hatcher, 680 F.2d 438, 440 (6th Cir. 1982)). Whether joinder was proper under Rule 8(a) is determined by the allegations on the face of the indictment. Id. (citing United States v. Frost, 125 F.3d 346, 389 (6th Cir. 1997)). It is within the sound discretion of the district court to decide whether the

2

joinder was proper.  United States v. Smith, 656 F. App'x 70, 73 (6th Cir.), cert. denied, 137 S. Ct. 323 (2016); United States v. Atchley, 474 F.3d 840, 852 (6th Cir. 2007).

If joinder is improper, Rule 14 of the Federal Rules of Criminal Procedure applies.  This Rule provides that if the joinder of offenses in an indictment "appears to prejudice a defendant . . . the court may order separate trials of counts . . . or provide any other relief that justice requires."  Fed. R. Crim. P. 14(a).  "In order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever."  United States v. Saadey, 393 F.3d 669, 678 (6th Cir. 2005).  In determining whether to grant a Rule 14 motion for severance, a court must balance "the interest of the public in avoiding a multiplicity of litigation and the interest of the defendant in obtaining a fair trial."  United States v. Wirsing, 719 F.2d 859, 864–65 (6th Cir. 1983) (citation omitted); United States v. Robinson, No. 3:15-CR-96-TBR, 2016 WL 3748520, at *2 (W.D. Ky. July 8, 2016).  Similarly, the decision to sever is left to the discretion of the district court.  Saadey, 393 F.3d at 678.

### III. DISCUSSION

Defendant Vance does not appear to argue that the charges are not sufficiently related or improperly joined under Fed. R. Crim. P. 8.  Even so, the Sixth Circuit has recognized "the efficiency of joining firearm and drug charges when the face of the indictment shows that the charges are sufficiently connected temporally or logically to support the conclusion that the two crimes are part of the same transaction or plan," Smith, 656 F. App'x at 73, "as when guns are used in connection with the drug offense o*r when both guns and drugs are uncovered in the same search*," Chavis, 296 F.3d at 459 (emphasis added) (citing United States v. Gorecki, 813 F.2d 40, 42 (3d Cir. 1987)).  Here, the superseding indictment charges Vance with possessing the methamphetamine, the firearm, and the ammunition on the same evening and resulting from the

3

same arrest. As such, the nexus between the charges suffices under the Sixth Circuit's standards. See Chavis, 296 F.3d at 459–60 (collecting cases of firearms tried with drug charges); United States v. Graham, 275 F.3d 490, 512 (6th Cir. 2001); United States v. Hubbard, 61 F.3d 1261, 1270 (7th Cir. 1995); Gorecki, 813 F.2d at 42; United States v. Valentine, 706 F.2d 282, 289 (10th Cir. 1983).

Instead, Vance seems to rely on the potential prejudice he may suffer as a result of joining the trials and seeks severance under Fed. R. Crim. P. 14. Defendant Vance argues that trying the three counts together will prejudice Vance because evidence of his felony record will be introduced as an element of the firearm and ammunition charges (Counts 2 and 3), and the jury will "inevitably conclude" that Vance's prior felonies tend "to establish his guilt of the drug charge." (Mot. [DN 30] at 2.) Further, Vance argues that trying all three counts together will impinge his Fifth Amendment rights, as he will be required to testify about all of the charges or not to testify about any of them. (Id. at 2–3.)

As to Vance's first argument, "[t]he Supreme Court has instructed . . . that the danger of prejudice resulting from improper propensity inferences can be reduced significantly by proper curative instructions." Chavis, 296 F.3d at 461 (citing United States v. Lane, 474 U.S. 438, 450 & n.13 (1986)); see Zafiro v. United States, 506 U.S. 534, 539 (1993) (finding that "less drastic measures [than severing counts], such as limiting instructions, often will suffice to cure any risk of prejudice"). The Sixth Circuit has held, on numerous occasions, that "limiting instructions can similarly minimize the danger of prejudice resulting from improper joinder of offenses under Rule 8(a)." Id.; see United States v. Jacobs, 244 F.3d 503, 507 (6th Cir. 2001); United States v. Gibbs, 182 F.3d 408, 434 (6th Cir. 1999). This is because a "jury is presumed capable of considering each count separately." United States v. White, 543 F. App'x 563, 566 (6th Cir.

2013) (quoting United States v. Cope, 312 F.3d 757, 781 (6th Cir. 2002)). Vance offers no reason as to why he would suffer compelling, specific, and actual prejudice that cannot be cured by a limiting instruction. See United States v. Potter, No. 3:09-CR-138, 2010 WL 2776327, at *1 (E.D. Tenn. July 14, 2010) (declining to sever counts and finding a limiting instruction sufficient to allay concerns regarding propensity evidence).

As to his second argument, the Sixth Circuit has found that in order to sever offenses because he may wish to testify at trial as to some counts and not others, a defendant raising this argument must first make a "convincing showing" that he had important testimony to give on certain counts, as well as a "strong need" to refrain from testifying on the remaining counts. United States v. Bowker, 372 F.3d 365, 385 (6th Cir. 2004), cert. granted, judgment vacated on other grounds, 543 U.S. 1182 (2005)). Here, Vance's Motion to Sever provided no indication that he absolutely wishes to testify, which counts he would testify to, what his testimony would be on certain counts, and why he would avoid testifying on other counts. Even when a defendant is "faced with the Hobson's choice of either testifying about both incidents . . . or not testifying at all," if the offenses are "factually intertwined" such that the evidence from each crime would have been admissible in the trial of the other, a denial of separate trials is not an abuse of discretion under Rule 14. Jacobs, 244 F.3d at 507 (citing Cross v. United States, 335 F.2d 987, 990-91 (D.C. Cir. 1964)). The drugs, firearm, and ammunition that form the bases of Counts 1, 2, and 3 all occurred on the same evening and resulted from the same arrest. They are so factually intertwined that the evidence would overlap almost entirely. As such, Vance's non-specific assertions of prejudice are insufficient to warrant severance under Rule 14.

Accordingly, the Court agrees with the United States that Vance has not met his burden to prevail on his Motion to Sever, as he has not shown that he will suffer "compelling, specific, and actual prejudice" if the Court refuses to grant his motion.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion to Sever [DN 30] is **DENIED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

May 30, 2017

cc: counsel of record