# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**CRIMINAL ACTION NO. 3:16-cr-00070-JHM**

**UNITED STATES OF AMERICA**                                                        **PLAINTIFF**

**V.**

**ROBERT J. VANCE**                                                                                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion in Limine [DN 31]. Fully briefed, this matter is ripe for decision. For the following reasons, Defendant's Motion is **DENIED**.

## I. BACKGROUND

The superseding indictment charges Defendant Vance with three counts: 1) possession with the intent to distribute 50 grams or more of methamphetamine; 2) possession of a firearm after having been convicted of a felony; and 3) possession of firearm ammunition after having been convicted of a felony. These charges stem from an incident that occurred on December 15, 2017. That night, Officers Lawrence and Detective Whitford were on patrol in the high-crime area of Portland in Louisville, Kentucky. They noticed a van with its passenger door ajar on one side of the road and a man standing near the open driver door of a 2002 Toyota Sequoia on the other. Suspecting that the man, later identified as Vance, was involved in the breaking and entering or theft of a vehicle, the officers decided to investigate further. They approached Vance by vehicle, but, when Lawrence stepped out to initiate conversation with Vance, Vance began to run on foot. Lawrence pursued Vance down a nearby alleyway. Vance was apprehended after he tripped and fell. At the scene, within a few feet of where Vance was apprehended, officers found a bag that contained a Glock, Model 21, .45 caliber pistol with ammunition and a large "rock" of methamphetamine weighing around 100 grams. After arresting and detaining Vance,

officers searched his nearby vehicle, finding a gun holster, additional ammunition for the .45 caliber Glock, and drug paraphernalia.

The United States has informed Vance and his counsel that it intends to introduce evidence of other crimes and acts. Vance seeks to exclude this evidence under the Federal Rules of Evidence 404(b) and 403 and under the Fifth and Sixth Amendment. The other incidents are as follows: 1) an uncharged incident in New Albany Indiana on November 9, 2015, in which police responded to a "shots fired" call and reportedly found Vance with a stolen Glock, Model 23, .40 caliber pistol in the console of the allegedly same 2002 Toyota Sequoia, spent shell casings, and $4,537.00 in cash; 2) his prior conviction for assault under extreme emotional disturbance in Bullitt County in the case of <u>Commonwealth v. Robert Vance</u>, 12-CR-00073 in Bullitt County Circuit Court; and 3) his prior felony conviction for third degree assault and misdemeanor conviction for third degree criminal mischief in the case of <u>Commonwealth v. Robert Vance</u>, 12-CR-000246 in Bullitt County Circuit Court. Vance does not argue or advance any theories as to why the latter two incidents should be excluded under Rule 404(b), so the Court will only address the arguments made in relation to the first incident.

## II. DISCUSSION

Vance argues that the first New Albany incident should be excluded from evidence under Federal Rule of Evidence 404(b), 403, and the Fifth and Sixth Amendments. Principally, he asserts that evidence of this incident serves only as propensity evidence, and that it serves no other proper purpose under Rule 404(b). The United States contends that it does indeed serve a proper purpose.

Under Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may,

2

however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b)(1)–(2). However, before allowing into evidence that which appears to implicate other acts that speak to a defendant's character, the Court must utilize a three pronged test: the Court must consider 1) "whether there is a sufficient factual basis that the act occurred"; 2) "whether the act is being offered for an appropriate reason"; and 3) "whether the probative value of the evidence is substantially outweighed by the unfair prejudicial impact of its use at trial." United States v. Shanklin, No. 3:16-CR-00085-TBR, 2017 WL 1424302, at *2–3 (W.D. Ky. Apr. 20, 2017) (quoting United States v. Gibbs, 797 F.3d 416, 425 (6th Cir. 2015)); see United States v. Adams, 722 F.3d 788, 810 (6th Cir. 2013).

In this case, there is sufficient evidence that the other acts occurred. Vance does not deny that he was involved in the incident on November 9, 2015 in which police responded to a "shots fired" call. A police report was filed that sufficiently identified and described Vance, the .40 caliber Glock in Vance's vehicle, and other relevant items. The Court is confident that this prong is sufficiently satisfied.

Next, the Court must determine whether the United States seeks to introduce evidence of Vance's prior possession of the .40 caliber Glock for a proper purpose under Rule 404(b). "In ruling on the admissibility of evidence submitted under Rule 404(b), the district court must determine whether one of the factors justifying the admission of other acts evidence is material, that is, in issue, in the case, and if so, whether the other acts evidence is probative of such factors." United States v. Johnson, 27 F.3d 1186, 1190 (6th Cir. 1994). According to the Response of the government, it believes the prior act evidence shows "knowledge . . . absence of

mistake or lack of accident," and that Vance has placed his intent to possess the firearm by denying it was his. (Resp. [DN 35] at 4.)

First, the Court rejects the government's suggestion that this case presents an issue of mistake or accident. The Defendant has simply said the firearm is not his. He denies any connection with the green bag and its contents found in the alley. He has not said that he thought the objects in the bag were something other than drugs or a firearm. See United States v. Newsom, 452 F.3d 593, 606 (6th Cir. 2006); see also United States v. Bell, 516 F.3d 432, 442 (6th Cir. 2008).

Next, the Court must address whether the Defendant's knowledge and intent are in issue and if so, whether the prior incident is relevant to those issues. As to Count 2 relating to the possession of methamphetamine, knowledge and intent are in issue; however, the evidence of the prior act on November 9, 2015 has no relevance to those issues. As for the other two counts, the answer depends on whether the case involves actual possession or constructive possession.

The Third Circuit in United States v. Caldwell, 760 F.3d 267, 279 (2014) stated:

> Because the Government proceeded solely on a theory of actual possession, we hold that Caldwell's knowledge was not at issue in the case. Although 18 U.S.C. § 922(g)(1) criminalizes the "knowing" possession of a firearm by a convicted felon, a defendant's knowledge is almost never a material issue when the government relies exclusively on a theory of actual possession. Indeed, absent unusual circumstances (such as when a defendant claims he did not realize the object in his hand was a gun), the knowledge element in a felon-in-possession case will necessarily be satisfied if the jury finds the defendant physically possessed the firearm. *See* United States v. Linares, 367 F.3d 941, 946–47 (D.C. Cir. 2004) (stating that no reasonable jury in an actual possession case would acquit a defendant "based on the belief that the government proved possession but failed to prove knowledge").

See also United States v. James, No. 3:15-CR-00049-TBR, 2017 WL 1088092, at *5 (W.D. Ky. Mar. 21, 2017).

4

It seems that the government is advancing a circumstantial case of actual possession on Counts 1 and 2. The theory is that the Defendant actually possessed the firearm, while standing outside his SUV, that he put it in the green bag, along with the drugs, and that he fled down the alley with the green bag in hand. The holster and ammunition later found in the SUV add to the circumstantial facts from which the jury could draw the inference that the Defendant actually possessed the firearm and drugs. If this is an actual possession case, knowledge would not be in issue and the prior act evidence would not be admissible.

However, the government also suggests that, as an alternative, that the Defendant constructively possessed the firearm. Constructive possession "exists when a person does not have actual possession but instead *knowingly* has the power and the *intention* at a given time to exercise dominion and control over an object, either directly or through others." Id. (citing United States v. Craven, 478 F.2d 1329, 1333 (6th Cir. 1973)). As stated in United States v. Walker, "the line of demarcation between 'actual' and 'constructive' possession is not analytically crisp." 734 F.3d 451, 456 (6th Cir. 2013). Evidence that the Defendant has dominion and control over the premises where the firearm was located may be enough to establish constructive possession. United States v. Kincaide, 145 F.3d 771, 782 (6th Cir. 1998). But mere "presence where a [object] was found, without more, is insufficient to establish 'knowledge, power, or intention to exercise control' over the [object]." United States v. Coffee, 434 F.3d 887, 896 (6th Cir. 2006) (quoting United States v. Arnold, 434 F.3d 396, 403 (6th Cir. 2005)). This is not the typical scenario where a firearm is found in a car, under a bed, or in any other area over which the Defendant had dominion and control. The firearm was found in a public alleyway.

However, the Court need not decide now whether the case against the Defendant as to Count 1 is one of actual or constructive possession, because it seems clear that the case against Defendant on Count 3 can proceed as a constructive possession case. He was not found to be in actual possession of the ammunition, but it was found in his vehicle over which he had dominion and control. Because the government is required to prove Vance's intent to exercise control over the ammunition in order to prove constructive possession, the issue is "material" for the purpose of Rule 404(b). Newsom, 452 F.3d at 606. The prior act is relevant to show Defendant's intent to exercise dominion and control over the ammunition that was found in his SUV.

Last in the analysis, the court must determine whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect. Johnson, 27 F.3d at 1190–91 (6th Cir. 1994) (citing Fed. R. Evid. 403; United States v. Acosta–Cazares, 878 F.2d 945, 948–49 (6th Cir.) (per curiam), cert. denied, 493 U.S. 899 (1989)). "District courts are given broad discretion in making a Rule 403 determination." United States v. Bonds, 12 F.3d 540, 567 (6th Cir. 1993) (citing United States v. Vincent, 681 F.2d 462, 465 (6th Cir.1982)). For a Rule 403 violation to occur, the admitted evidence must result in "unfair prejudice" in that "the evidence must suggest a decision on an impermissible basis." United States v. Schrock, 855 F.2d 327, 333 (6th Cir. 1988). Unfair prejudice "does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." Id. at 335.

The November 9, 2015 incident has substantial probative value to evidence Vance's intent. Evidence that Vance possessed and likely used a firearm and ammunition (because the police responded to a "shots fired" call and was found with spent shell casings) approximately one month before he was found in possession of ammunition would increase the likelihood that

the defendant intended to possess the ammunition in Count 3.  See United States v. Chesney, 86 F.3d 564, 573 (6th Cir. 1996).  Admitting this evidence would not result in unfair prejudice because, here, the United States is not offering this evidence to show that Vance had a propensity to illegally possess ammunition but to show that he intended to exercise dominion and control over the ammunition found in his vehicle.

The Court finds that a proper limiting instruction can serve to adequately allay any concerns of unfair prejudice.  Id. (finding that a liming instruction lowered the prejudicial effect of the admission of the prior evidence of possessing a firearm); United States v. Clemis, 11 F.3d 597, 601 (6th Cir. 1993), cert. denied, 511 U.S. 1094 (1994) (noting that no abuse of discretion occurred in admitting Rule 404(b) evidence when appropriate cautionary instructions were given).

In conclusion, the Court will not exclude the evidence of the November 9, 2015 incident to prove constructive possession of the ammunition in Count 3, as the evidence satisfies each of the three required prongs: it has a sufficient factual basis, it can be properly introduced to show Vance's intent, and it is not substantially outweighed by unfair prejudice.

Vance also advances the argument here that the introduction of the prior possession would violate his Fifth and Sixth Amendment rights.  He posits that it will be hard for the jury to ignore the fact that he did not testify about his prior bad acts, but, he has no choice, as he must choose to either testify about all of the allegations or not at all.  More specifically, Vance asserts that his silence on other alleged crimes would have a devastating impact.  However, both the Supreme Court and the Sixth Circuit have repeatedly held that a defendant is not denied a fair trial by the admission of prior bad acts evidence which is relevant in the defendant's trial.  See Estelle v. McGuire, 502 U.S. 62, 69–70 (1991); Dowling v. United States, 493 U.S. 342, 353–54

(1990); Coleman v. Mitchell, 268 F.3d 417, 439–40 (6th Cir. 2001); Pennington v. Lazaroff, 13 Fed. App'x 228, 232 (6th Cir. 2001) (per curiam) (unpublished); Manning v. Rose, 507 F.2d 889, 893–95 (6th Cir. 1974). A trial court's rulings on motions in limine do not deprive a defendant of his right to testify and do not violate the Fifth Amendment or the confrontation clause. See Dowell-El v. Howes, No. 2:08-CV-11723, 2010 WL 2474795, at *13 (E.D. Mich. May 14, 2010) (explaining how a defendant's right to testify is not deprived based on procedural rulings, including Rule 404(b) determinations). Therefore, the Court does not find that Vance's constitutional rights are impinged based upon this ruling.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion in Limine [DN 31] is **DENIED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

June 15, 2017

cc: counsel of record