UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CRIMINAL ACTION NO. 3:16-cr-00070-JHM**

**UNITED STATES OF AMERICA**                                                            **PLAINTIFF**

**V.**

**ROBERT J. VANCE**                                                                                  **DEFENDANT**

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant's Motion to Sever Counts [DN 52]. Defendant Vance previously moved to sever Counts 2 and 3; but, despite Vance's argument that the jury will inevitably conclude that Vance's prior felonies tend to establish his guilt of the drug charge, Vance offered no evidence that he would suffer compelling, specific, and actual prejudice that cannot be cured by a limiting instruction. (Mem. Op. [DN 46] at 4–5.) As such, the Court denied his motion, finding joinder proper. (Id.)

This Motion to Sever [DN 52] similarly fails. This time, Vance argues that Count 3 should be severed based on this Court's most recent opinion [DN 51]. In that opinion, the Court determined that evidence of Vance's prior possession of a firearm and ammunition on November 9, 2015 is admissible as to prove knowledge as an element of constructive possession for Count 3 under Fed. R. Evid. 404(b). However, the Court declined to allow the admission of the evidence resulting from this incident to prove any element of any other count. Now, Vance argues that "[t]he counts should be severed under [Fed. R. Crim. P. 14] since a jury will inevitably consider the very damaging . . . evidence [from the November 9, 2015 incident] as evidence of guilt not only for Count 3, for which it *is* admissible, but also for Counts 1 and 2, for which it is *not* admissible." (Mot. [DN 52] at 2–3 (emphasis in original).)

True enough, "[e]ven when joinder is appropriate under Rule 8(a), a district court may, in its discretion, grant the defendant a severance if it appears that the defendant is prejudiced by a joinder of the offenses." United States v. Hang Le-Thy Tran, 433 F.3d 472, 478 (6th Cir. 2006) (citing Fed. R. Crim. P. 14). As such, "[t]he resolution of a Rule 14 motion is left to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion." Id. (citing United States v. McCoy, 848 F.2d 743, 744 (6th Cir. 1988)). As this Court previously stated, "[i]n order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice." United States v. Vance, No. 3:16-CR-00070-JHM, 2017 WL 2350234, at *2 (W.D. Ky. May 30, 2017) United States v. Saadey, 393 F.3d 669, 678 (6th Cir. 2005). To do this, a defendant must make a strong showing a prejudice, United States v. Gallo, 763 F.2d 1504, 1525 (6th Cir. 1985), by proving "that joinder would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence," Hang Le-Thy Tran, 433 F.3d at 478 (citing Zafiro v. United States, 506 U.S. 534, 539 (1993)).

When multiple claims against one defendant are joined, "[a] defendant is prejudiced if the jury would be unable to keep the evidence from each offense separate and unable to render a fair and impartial verdict on each offense." United States v. Rox, 692 F.2d 453, 454 (6th Cir. 1982) (citing United States v. Lane, 584 F.2d 60, 64 (5th Cir. 1978)). However, "absent a showing of substantial prejudice, spillover of evidence from one [count] to another does not require severance." Hang Le-Thy Tran, 433 F.3d at 478 (citing United States v. Johnson, 763 F.2d 773, 777 (6th Cir. 1985)).

No such showing has been made. Vance merely posits that the jury will inevitably consider evidence specifically admitted for Count 3 for all counts. A "jury is presumed capable of considering each count separately." Vance, 2017 WL 2350234, at *2 (quoting United States

v. White, 543 Fed. App'x 563, 566 (6th Cir. 2013); see United States v. Cope, 312 F.3d 757, 781 (6th Cir. 2002). Vance's conclusory statement does not suffice to show compelling, specific, and actual prejudice required for severance. Additionally, the Sixth Circuit has stated that "[e]ven where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" United States v. Driver, 535 F.3d 424, 427 (6th Cir. 2008) (quoting Zafiro v. United States, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993)); United States v. Potter, No. 3:09-CR-138, 2010 WL 2776327, at *4 (E.D. Tenn. July 14, 2010). Vance advances no argument or proof of such substantial prejudice that could not be cured by a limiting instruction. Accordingly, Vance has not met his burden to prevail on this Motion to Sever.

### III. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion in to Sever [DN 52] is **DENIED**.

*Joseph H. McKinley*
**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

June 22, 2017

cc: counsel of record